244 N.J. Super. 200 (1990)
581 A.2d 1344
SHELLY BERGER, PLAINTIFF-RESPONDENT,
v.
PATERSON VETERANS TAXI SERVICE, DEFENDANT, AND LOUIS ZARIFE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 1990.
Decided October 29, 1990.
*202 Before Judges J.H. COLEMAN, DREIER and LANDAU.
Howard M. Usdin argued the cause for appellant (Howard M. Usdin on the letter brief).
Valentine M. Gonzalez argued the cause for respondent (Valentine M. Gonzalez on the brief).
The opinion of the court was delivered by LANDAU, J.A.D.
This is an appeal from the denial of a motion of defendant-appellant Louis Zarife, filed September 29, 1989, to reopen a default judgment entered against him on November 18, 1986 by plaintiff-respondent Shelly Berger. It raises questions respecting the vacating or enforcement of judgments void for want of in personam jurisdiction, which we re-examine today.
Berger's complaint had been filed on May 12, 1986 and the return purported to effect service upon Zarife at the offices of his employer, defendant Paterson Veterans Taxi Service (Paterson) on May 21, 1986. The return recites service upon Paterson "by leaving same with James Marmo, agent in charge, at its place of business, 8 Clark Street, Paterson, New Jersey." It goes on to recite service upon Zarife in the same manner, i.e., "by leaving the same with James Marmo, agent in charge, at defendants [sic] place of business, 8 Clark Street, Paterson, New Jersey."
It is conceded that Marmo was not a member of Zarife's household and that service was not made at his house or usual *203 place of abode. See R. 4:4-4(a)(1). Based upon the return of service, and absence of responsive pleading, default was entered as to Zarife on November 18, 1986. Thereafter, default judgment for $15,000 in compensatory damages and $20,000 in punitive damages[1] was entered against him on December 18, 1986.
Zarife asserts that he first became aware of the judgment in late 1987, although his motion to set aside the judgment was not filed until September 29, 1989. Aside from speculation as to probabilities, there is nothing of record to show that Zarife knew of the complaint or that he was a defendant prior to entry of judgment.
On December 6, 1989 the trial judge rendered an opinion which held, in reliance upon Garza v. Paone, 44 N.J. Super. 553, 131 A.2d 32 (App.Div. 1957), that even a void judgment may not be vacated unless the motion to vacate is made within a reasonable time after the defendant learns of the judgment. As Zarife had delayed well over a year after learning of the judgment and of efforts to enforce it, the trial judge reasoned that the application was untimely, citing Jackson Constr. Co. v. Ocean Twp., 182 N.J. Super. 148, 3 N.J. Tax 296, 440 A.2d 88 (1981), and declined to vacate the judgment. The opinion also suggested that Berger obtain a writ of execution under N.J.S.A. 2A:17-1, et seq., correctly declining to then enter the requested order for sale of Zarife's property.
Zarife's appeal brief attempts to distinguish Garza and urges only that we here apply the recognized rule that an application to vacate a default judgment should be viewed with great liberality toward the end of achieving a just result. See Stuchin v. Kasirer, 237 N.J. Super. 604, 609, 568 A.2d 907 (App. Div. 1990); Marder v. Realty Construction Co., 84 N.J. Super. 313, 319, 202 A.2d 175 (App.Div. 1964), aff'd, 43 N.J. 508, 205 *204 A.2d 744 (1964). He argues that the highly fact sensitive nature of the necessary proofs, both as to sexual assault and as to the damages, warrants that he be afforded an opportunity for jury trial in the interests of justice.
The trial judge's reliance upon Garza was appropriate. It has been cited as authority as recently as our holding in Last v. Audubon Park Associates, 227 N.J. Super. 602, 606, 548 A.2d 236 (App.Div. 1988), certif. den., 114 N.J. 491, 555 A.2d 613 (1989). See also Pressler, New Jersey Court Rules, R. 4:50-1(d) Comment (1991). We have no difficulty in recognizing that the trial judge reasonably determined that Zarife's showing of reasons for delay in making the application to vacate was inadequate.
It appears to us, however, particularly following the oral arguments in this case, that litigants and the courts can be too easily confused by the unique holding in Garza. It has been read, not only as authority for refusal to set aside a void judgment when the motion is brought in an unjustifiably tardy fashion, but also as authority to permit enforcement of the non-vacated and void judgment. Judge Conford, however, clearly stated in Garza, 44 N.J. Super. at 557, 131 A.2d 32, that "the judgment is absolutely void and of no legal effect for any purpose ... whatever we may determine as to the merits of present appeal." See also Judge Freund's dissent, 44 N.J. Super. at 561, 562, 131 A.2d 32. Although Garza recognized the non-enforceability of a void judgment, its refusal to vacate such a judgment was apparently construed in this case to permit execution upon application.
"The requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with. Any defects ... are fatal and leave the court without jurisdiction and its judgment void." Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 493, 86 A.2d 201 (1952), cert. den., 344 U.S. 838, 73 S.Ct. 25, 97 L.Ed. 652 (1952). Personal service is a prerequisite to achieving in personam *205 jurisdiction, unless R. 4:4-4(a)(2) or R. 4:4-4(e) alternatives have been properly employed. See Restatement, Judgments 2d, §§ 2, 3 (1982). No basis for satisfaction of the latter alternatives has been set forth on this record and there is no indication that Zarife had actual notice of the suit until after the judgment.
It is clear that a court cannot exercise its power to the detriment of a litigant when in personam jurisdiction has not been established, and that such action would violate the Due Process Clause. See, e.g., Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) and cases there cited.
Thus, Garza presents us with the anomaly pointed up in Judge Freund's dissent, namely the existence of a judgment of record which can neither be set aside nor enforced. Yet, as Justice White noted in Peralta, 485 U.S. at 85, 108 S.Ct. at 899, 99 L.Ed.2d at 81, "Even if no execution sale had yet occurred, the [judgment] lien encumbered the property and impaired appellant's ability to mortgage or alienate it; and state procedures for creating and enforcing such liens are subject to the strictures of due process. (citations)."
The due process problem considered in Peralta, as well as the apparent potential for confusion respecting the effect of the majority opinion in Garza require that we now respectfully differ from that part of the opinion which declined to vacate the judgment. We conclude that when a court is satisfied on a R. 4:50-1(d) application that initial service of process was so defective that the judgment is void for want of in personam jurisdiction, the resulting void default judgment must ordinarily be set aside. This result may well have been anticipated in Morales v. Santiago, 217 N.J. Super. 496, 504, 526 A.2d 266 (App.Div. 1987), where, although the Garza issue does not appear squarely to have been presented or considered, it was stated that "However, if sellers had not been served with *206 process they were entitled to have the judgment vacated because it is void. R. 4:50-1(d)."
Last v. Audubon Park Associates, supra, is not to the contrary. We there recognized, as in Garza, that a void judgment was unenforceable. Last, 227 N.J. Super. at 607, 548 A.2d 236. Last, who was a mortgagee against whom a void foreclosure judgment had been entered, knew not only of the judgment but that the property was conveyed to a purchaser which expended large sums in reliance upon the chain of title. Notwithstanding such knowledge, and awareness for two years of a 1983 United States Supreme Court decision which enabled his mortgage to survive the foreclosure, Last calculatedly delayed in asserting his rights while the new owners, Audubon Park Associates, relied upon the judgment. Id. at 608, 548 A.2d 236. Thus, detrimental reliance by Audubon coupled with Last's calculated delay gave rise to judicial refusal to set aside the foreclosure judgment bottomed on the largely equitable doctrines of laches and estoppel. Berger's situation is not analogous, as her rights against Zarife are here preserved and there has been no showing of detrimental reliance.
The order which denied Zarife's motion to vacate is reversed. The default judgment is vacated. We emphasize that, inasmuch as the complaint was timely filed, and in light of her diligence in pursuing this action, Berger is not time-barred from proceeding with her suit against Zarife.
NOTES
[1] The complaint asserts that Berger was sexually and otherwise assaulted and falsely imprisoned by Zarife after entering his taxi cab as a passenger.