648 A.2d 736

SACKS REALTY CO., INC., A NEW JERSEY CORPORATION, PLAINTIFF–RESPONDENT, v. ESTELLE SHORE, SOPHIE CURRAN, MAXINE ACEVEDO, MARGARET M. WARREN, MARY AND MARGARET TOOMEY, HELEN CAREY, HERBERT AND MARGARET KEEGAN, EDWARD AND PEARL FABER, JEANNE DOLAN, VICTOR AND DENISE DAVIS, HAROLD AND DOROTHY TURF, ETHEL GIBNEY, FRED AND ANITA PUCCIARELLI, ZIAD AND SUSAN OLABI, MARIE STENDER, MARGARET NEALON, HARRY AND DOROTHY ZELLER, ANNE T. SHEEHY, ELIZABETH ROACHE AND DELORES ROACHE, GERALD AND ELEANOR MUGNO, BETTY BERGER, MARIA MEDINA AND ELIZABETH ARRIETA, MARGARET GERAGHTY, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued September 20, 1994—Decided October 21, 1994.

Before Judges BRODY, LONG and ARNOLD M. STEIN.

*Claudette L. St. Romain* argued the cause for appellant Maria Medina (*Timothy K. Madden,* Director, Hudson County Legal Services Corp., attorney; *Ms. St. Romain* and *Ellen Boylan,* on the brief.

*Jorge Aviles,* attorney, for appellants (excepting Maria Medina) adopted the argument propounded by the attorney for Maria Medina.

*Robert J. Kleeblatt* argued the cause for respondent (*Kleeblatt, Galler & Abramson,* attorneys; *Mr. Kleeblatt,* on the brief).

The opinion was delivered by

BRODY, P.J.A.D.

On July 10, 1986, the New Jersey Supreme Court held that despite the contracts clauses of the state and federal constitutions, the Senior Citizens and Disabled Protected Tenancy Act (Act I), *N.J.S.A.* 2A:18–61.22 to –61.39, afforded retroactive protection to qualified tenants of apartments in a building that had been converted to a condominium before its enactment. *Edgewater Inv. Assocs. v. Borough of Edgewater,* 103 *N.J.* 227, 510 *A.*2d 1178 (1986). Defendants are tenants in a 271–unit apartment complex that plaintiff purchased in January 1991. Plaintiff's predecessor in title had converted the complex to a condominium in 1986 after entering into an agreement with defendants on April 29, 1986, that essentially applied the provisions of Act I to those tenants who qualified.

For reasons that do not appear in this record, defendants thereafter consented to judgments for possession entered against

various tenants at various times, from June 1, 1989, to November 8, 1990. With one exception, each of these consent judgments purported to withdraw from the tenant the protection afforded in the agreement by providing that the respective tenant "waives the right, if any, to a protected tenancy under the Senior Citizens and Disabled Protected Tenancy Act, *N.J.S.A.* 2A:18–61.22 *et seq.* (the Act) whether or not defendant satisfies, now or at any time in the future, the criteria set forth in the Act." Plaintiff's predecessor in title agreed in each judgment to postpone applying for a warrant for possession to a specific time, varying generally from two to four years later.

After entry of these judgments, the Legislature enacted the Tenant Protection Act of 1992 (Act II), *N.J.S.A.* 2A:18–61.40 to – 61.59. Act II extends protection from eviction after a condominium conversion to a larger class of elderly and disabled tenants than did Act I. Act II provides the added protection retroactively. *N.J.S.A.* 2A:18–61.56. Despite the judgments for possession, defendants refused to quit the premises on the dates specified in the judgments. They claimed the benefit of the added protection afforded under the retroactive provision of Act II.

Plaintiff brought this action to obtain warrants for possession based on the consent judgments and to recover damages from defendants for holding over. The trial judge granted plaintiff partial summary judgment declaring that the judgments for possession had given plaintiff vested property rights to possession of the apartments that could not "constitutionally" be abrogated by the retroactive provision of Act II.

We granted defendants' motion for leave to appeal from the partial summary judgment in response to their fear of imminent eviction.

■ The parties ask us to decide whether the contracts clauses and the takings clauses of the state and federal constitutions, and the separation of powers clause of the state constitution prohibit the Legislature from annulling the consent judgments for posses-

sion that plaintiff's predecessor in title had obtained before the effective date of Act II. We need not reach these issues because we are able to review the partial summary judgment without declaring whether Act II is constitutional in those respects, and we choose that course in keeping with the precept that "a court should not reach and determine a constitutional issue unless absolutely imperative in the disposition of the litigation." *Donadio v. Cunningham*, 58 *N.J.* 309, 325–26, 277 *A.*2d 375 (1971).

Warrants for possession may not issue in execution of the consent judgments, regardless of whether the retroactive feature of Act II is constitutional, because the judgments appear from this record to be void. Void judgments are unenforceable. *Berger v. Paterson Veterans Taxi Serv.*, 244 *N.J.Super.* 200, 205–06, 581 *A.*2d 1344 (App.Div.1990).

As we noted, all but one of the judgments for possession contain a tenant's waiver of the protection of Act I. The waiver is unenforceable under Act I. *N.J.S.A.* 2A:18–61.36 provides:

> Any agreement whereby the tenant waives any rights under P.L.1981, c. 226 (C. 2A:18–61.22 et seq.) on or after the effective date of this 1983 amendatory act shall be deemed to be against public policy and unenforceable.

A tenant who is deemed by statute incompetent to waive the statute's protection by contract is equally incompetent to waive that protection by consent judgment. "Certainly, if the contract is illegal and void, having it incorporated in a consent judgment will not breathe legal life into it." *Midtown Properties v. Township of Madison*, 68 *N.J.Super.* 197, 206, 172 A.2d 40 (Law Div.1961), *aff'd o.b.*, 78 *N.J.Super.* 471, 189 *A.*2d 226 (App.Div. 1963) (judgment consented to by developer and municipality permitting development to proceed contrary to applicable statutes and ordinances). Without the claimed benefit of the consent judgments, plaintiff is left with the earlier 1986 agreement. The agreement, however, is subject to the retroactive protection given tenants under Act II. *See Edgewater, supra,* 103 *N.J.* at 227, 510 *A.*2d 1178.

The single consent judgment of possession that lacks a tenant's waiver was entered September 1990 against defendant Betty Berger whose lawyer did not represent any of the other tenants. Not only does it lack the waiver, but it provides that "this Consent Judgment is void if ... legislation is enacted and given retroactive effect which provides in effect that this Consent judgment is invalid." It thus appears that when confronted with a tenant who knew her rights, plaintiff's predecessor was willing to agree that, contrary to plaintiff's present contention, legislation such as Act II may afford tenants retroactive protection—at least where there is no prior valid judgment to the contrary.

The partial summary judgment is reversed and the matter remanded for further proceedings.