**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2961-22

MIDLAND FUNDING LLC,

    Plaintiff-Respondent,

v.

ROSA WILLIAMS,

    Defendant-Appellant.

_____

Argued February 27, 2024 – Decided March 21, 2024

Before Judges Gooden Brown and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. DC-006242-12.

Mark H. Jensen argued the cause for appellant (Kim Law Firm LLC, attorneys; Yongmoon Kim and Mark H. Jensen, on the briefs).

Han Sheng Beh argued the cause for respondent (Hinshaw & Culbertson LLP, attorneys; Han Sheng Beh, on the brief).

PER CURIAM

This appeal involves the third litigation related to a fully satisfied $3,174.11 credit card debt. In her current challenge, defendant Rosa Williams[1] appeals from a March 3, 2023 order denying her motion to vacate a September 10, 2012 final judgment entered by default, and the attendant wage execution. She also challenges a May 8, 2023 order denying her reconsideration application. We are satisfied the court did not abuse its discretion in denying defendant relief from the final judgment under Rule 4:50-1(d) or (f), and accordingly we affirm both orders.

I.

Our opinion is best understood by reciting in greater granularity than usual the idiosyncratic procedural history of defendant's multiple challenges to the 2012 final judgment.

In April 2012, plaintiff Midland Funding LLC, filed a collection action against defendant for $3,174.11, which included $365.05 in interest. The complaint stated plaintiff was "now the owner" of defendant's defaulted revolving credit card account with HSBC Bank Nevada, N.A. The return of service indicated a copy of the summons and complaint was mailed to

---

[1] In the record, defendant is referred to as both Rosa Williams and Rosa Williams-Hopkins. Intending no disrespect, we use the name Rosa Williams as that is defendant's name identified in the complaint.

A-2961-22

defendant's address at "417 11th Ave" in Paterson, via regular and certified mail, with return service requested. The regular mail was not returned and the certified mail was returned as "unclaimed."

Having failed to respond to the complaint, in September 2012, plaintiff moved for, and the court entered, default judgment against defendant for the underlying debt, interest, and costs and fees. In November 2012, a payment of $250 was made via check from defendant's bank account. The check was endorsed to "Pressler and Pressler LLP," the firm representing plaintiff at the time, and the memo line included the word "Midland."

In early 2013, the court granted plaintiff's request for a wage execution and the conforming order noted defendant received $250 as a credit toward the judgment amount. In October 2014, the judgment was paid in full and accordingly noted in the court records as satisfied.

Nearly seven years after the 2012 entry of final judgment, in August 2019, and nearly five years after the judgment was fully satisfied, defendant filed a class action lawsuit against Midland in Essex County related to the 2012 final judgment. See Williams-Hopkins v. Midland Funding LLC, A-4468-19, A-4470-19 (App. Div. April 19, 2022). In her three-count complaint, defendant alleged Midland "unlawfully enforced consumer debts after unlawfully taking

3

assignments of them without a sales finance company or consumer lending license" in violation of the New Jersey Consumer Finance Licensing Act (NJCFLA), N.J.S.A. 17:11C-1 to -49, and the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -210.  She sought "a declaratory judgment that the credit accounts are void and unenforceable, that the state court judgments obtained on unlawful debts are void or otherwise cannot be enforced, and an injunction against any further attempts to enforce the credit account or any judgment in any manner."  Defendant also sought monetary damages and disgorgement due to Midland's unjust enrichment.

Midland moved to dismiss the complaint under Rule 4:6-2(e), based on the entire controversy doctrine and other grounds.  Williams-Hopkins, slip op. at 4.  The court granted Midland's application and dismissed plaintiff's complaint based on the entire controversy doctrine and explained:

> Plaintiffs could have challenged [Midland's] debt collection activity, the validity of the assignments[,] . . . and [Midland's] rights to institute and prosecute collection claims in a New Jersey court in defense of the prior [c]ollections [l]awsuits.  They could have raised all the legal theories asserted here as defenses/counterclaims in the prior [c]ollection [l]awsuits.
>
> [Id. at 5.]

A-2961-22

We affirmed, see id. at 7, and the Supreme Court denied certification. Williams-Hopkins v. Midland Funding LLC, 252 N.J. 257 (2022).

Three months after the Supreme Court denied certification, and despite the dismissal of her Essex County complaint in which she requested, in part, to set aside the 2012 default judgment, defendant filed a motion to vacate under Rules 4:50-1(d) and (f), which is the subject of this appeal. In her application, defendant submitted a certification in which she attested she was never served with the complaint and she "had no knowledge of the proceedings initiated against [her]." Defendant also stated, however, "[d]uring 2012, around the time [plaintiff] sued me . . . I may have even failed one of my classes due to stress, anxiety, and sleeplessness caused by the collection lawsuit." Defendant also attested she "remember[s] being harassed by [plaintiff's] collection calls," but was unaware of the NJCFLA or its licensing requirements.

In opposition, Midland's former counsel submitted a certification stating, "[d]efendant's spouse called [plaintiff's counsel's office] on November 6, 2012," provided information to verify his identity, including the P.O. Box the certified mail was forwarded to, and "an address of 417 11th Ave., Paterson, NJ." Plaintiff's former counsel stated to have "expressly indicated that there was a judgment in this case," and on a subsequent phone call the same day, "the parties

5 A-2961-22

agreed to monthly payment arrangement to resolve this judgment for payment of $250.00 per month." Plaintiff produced the only check submitted pursuant to that payment plan, which bears defendant's name. Plaintiff's former counsel also attested to having sent defendant a written agreement, but defendant failed to return it.

After considering the parties' submissions and oral arguments, the court denied defendant's motion and entered a conforming written order on March 3, 2023. In the court's oral decision, it rejected defendant's claim the 2012 judgment was void under Rule 4:50-1(d), based on Midland's alleged failure to properly serve the underlying collection complaint. Although defendant contended she lived on the second floor of a two-unit building, and the complaint was mailed without a specific floor identified, the court found, there was "no indication from the evidence that service was made on the first, rather than the second floor." The court also relied on Rule 6:2-3(d) and explained "service is deemed effective unless the mail is returned to the [c]ourt by the postal service, with an indication that it was not served." The court specifically found the regular mail was not returned to the court, and the certified mail was returned "with an indication it was served, but went unclaimed."

The court also determined defendant had actual notice of the collection action as evidenced by, "her spouse call[ing] plaintiff on November 6, 2012 seeking to settle the matter," and that he made an initial payment three days later with a check in defendant's name. The court also took judicial notice of the previously dismissed Essex County class action litigation and noted the filing of that complaint indicated she "was aware of the proceedings against her." Finally, the court rejected defendant's claim the 2012 judgment should be vacated under Rule 4:50-1(f), based on Midland's purported violations of the NJCFLA because "[d]efendant has provided no proof whatsoever that plaintiff was not licensed in New Jersey."

Defendant moved for reconsideration. In support, she provided the court, for the first time, with plaintiff's license as a consumer lender and sales finance company which indicated plaintiff was first licensed in January 2015. In her reply to plaintiff's opposition, defendant also submitted her husband's certification in which he attested, "to the best of [his] knowledge, [he] did not make any payments to [plaintiff] or their attorneys on [defendant's] behalf or set up any payment plan with [plaintiff] or their attorneys," and he "never sent [plaintiff] or their attorneys any check or payments for [defendant]."

A-2961-22

Defendant's husband also stated the "only time [he] spoke with [plaintiff] or their attorneys was to tell them to stop harassing [him and defendant]."

The court denied defendant's motion and issued an order and accompanying written opinion on May 8, 2023. With respect to defendant's insufficient service of process argument, the court again explained although the certified mail was returned "unclaimed," the regular mail was not returned. The court also found based on the motion record evidence, defendant's spouse called plaintiff two months after default judgment was entered, and defendant did not seek, at that time, to vacate default judgment. Rather, as the court explained, defendant's spouse sought to settle the matter and there was an initial payment made in November 2012 with a check bearing defendant's name, just three days after the phone call discussing settlement. The court also noted, "the first wage execution was filed in this case on January 28, 2013 without any motion or objection being filed by [d]efendant and was returned satisfied in October 2014."

With respect to defendant's husband's reply certification, the court found, "these are not facts that [d]efendant ever asserted either in its prior [m]otion or in furtherance of the [m]otion for [r]econsideration," and the court "presume[d] [d]efendant had cognizance of these facts upon filing of the prior [m]otion."

Further, the court noted plaintiff provided a check for $250 with defendant's name on it and defendant's counsel admitted at oral argument, "yes, defendant's husband arranged to make a payment on the debt." As such, the court rejected defendant's husband's "blanket denial as it has already been contradicted and was not submitted properly" as a motion for reconsideration was "not the time to submit [c]ertifications which could have been submitted with the original motion." The court also noted defendant herself submitted a certification in which she stated, "[d]uring 2012, around the time [plaintiff] sued me . . . I may have even failed one of my classes due to the stress, anxiety, and sleeplessness caused by the collection lawsuit," thus further indicating her knowledge of the collection action in 2012.

The court also rejected defendant's reliance on Rule 4:50-1(f). It explained, citing Baumann v. Marinaro, 95 N.J. 380, 395 (1984), "[b]ecause of the importance of finality of judgments, relief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present.'" The court acknowledged defendant "now provided evidence of [p]laintiff's lack of licensure, which it did not do in its previous [m]otion," but concluded the "allegation that [p]laintiff was unlicensed" was not "an extraordinary circumstance necessitating the default judgment be vacated more than ten years

9

after being entered and satisfied." The court also noted "[d]efendant had plenty of opportunity to contest the default judgment by filing a motion to vacate soon after it was entered, not arranging a payment plan with [p]laintiff, objecting to the wage garnishment, or filing a motion any time within the ten years that have passed." This appeal followed.

## II.

Before us, defendant reprises the same arguments thoroughly considered and rejected by the court. Specifically, she contends the court erred in failing to vacate the 2012 judgment as it was void under Rule 4:50-1(d) because she was not served with process and she was entitled to relief under Rule 4:50-1(f) based on Midland's improper commencement of the collection action without the requisite license as required under the NJCFLA. Defendant also contends the court abused its discretion in denying her motion for reconsideration because the court classified plaintiff's lack of licensure as an allegation rather than fact and because such lack of licensure is an exceptional circumstance warranting vacating the 2012 default judgment. We reject all of these arguments for the reasons detailed in the court's thoughtful oral and written decisions. We offer the following to amplify our decision.

A-2961-22

We first address the standards of review which guide our analysis. We review a trial judge's determination on a motion to vacate a default judgment under Rule 4:50-1 for "a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "The trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Id. at 467. To warrant reversal, the movant must demonstrate that the motion judge's "decision [was] 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)); see also BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 124 (App. Div. 2021) (finding that "a trial court mistakenly exercises its discretion when it 'fails to give appropriate deference to the principles' governing the motion [or] relies 'upon a consideration of irrelevant or inappropriate factors'") (internal citations omitted).

We also review a trial court's decision on a motion for reconsideration under an abuse of discretion standard. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). That said, reconsideration is granted "only under very narrow circumstances" and is only available when "'either ([1]) the [c]ourt has

expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.'" Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

We next discuss the relevant Rules and interpretive decisions which support relief from final judgments. Rule 4:50-1 permits a court, "[o]n motion, with briefs, and upon such terms as are just," to "relieve a party or the party's legal representative from a final judgment or order" if "(d) the judgment or order is void" or "(f) any other reason justifying relief from the operation of the judgment or order." R. 4:50-1(d), (f). The Rule "is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Manning Eng'g, Inc. v. Hudson County Park Comm'n, 74 N.J. 113, 120 (1977).

A motion to vacate a judgment that "is void and, therefore, unenforceable . . . is a particularly worthy candidate for relief (R. 4:50-1(d)) provided that the time lapse [between the entry of the judgment and the motion to vacate the judgment] is not unreasonable and an innocent third party's rights have not

12

intervened." Bank v. Kim, 361 N.J. Super. 331, 336 (App. Div. 2003) (citing Berger v. Paterson Veterans Taxi Serv., 244 N.J. Super. 200, 205 (App. Div. 1990)); Coryell, L.L.C. v. Curry, 391 N.J. Super. 72, 80 (App. Div. 2006).

Relief under subsection (f) of Rule 4:50-1 is available only when "truly exceptional circumstances are present," because of the "importance that we attach to the finality of judgments." Housing Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann, 95 N.J. at 395). Not only must the movant "demonstrate the circumstances are exceptional" but also that "enforcement of the judgment or order would be unjust, oppressive or inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999).

Rule 4:50-1(f) has been described as a catch-all provision, and in "'exceptional cases its boundaries are as expansive as the need to achieve equity and justice.'" DEG, LLC v. Township of Fairfield, 198 N.J. 242, 269-70 (2009) (quoting Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). As such, the application of this subsection "must be resolved on its own particular facts," Baumann, 95 N.J. at 395, and "[n]o categorization can be made of the situations which warrant redress under subsection (f)," Perillo, 48 N.J. at 341. Motions brought under both Rule 4:50-1(d) and (f) are not subject to the one-year filing

requirement of subsections (a), (b), and (c), but must nonetheless be filed within a reasonable time. See R. 4:50-2.

Against these standards and legal principles, we discern no abuse of the court's discretion. As to defendant's claim the court erred in refusing to vacate the 2012 judgment under Rule 4:50-1(d), we are satisfied the record overwhelmingly established defendant was properly served with the summons and complaint in the underlying collection action. Not only was the regular mail not returned and the certified mail marked unclaimed, which constitutes effective service for Special Civil Part proceedings, see Rule 6:2-3(d)(4) ("[I]f the certified mail is returned to the court marked 'unclaimed' or 'refused,' service is effective provided that the ordinary mail has not been returned."), but it cannot be reasonably disputed defendant's husband paid a portion of the debt as evidenced by the check for $250 bearing defendant's name.

If that were not enough, defendant filed the Essex County class action complaint in which she not only failed to contend service was ineffective, but in her certification to vacate the judgment she made confirmatory statements to the contrary such as asserting the stress from the collection litigation "may have" caused her to fail an academic course. The court's failure to accept the self-serving certifications of defendant and her husband on reconsideration was

entirely proper and certainly not without a rational basis in light of the aforementioned proofs.

Relief was also properly denied under the catch all provision of Rule 4:50-1(f). First, we reject defendant's argument that the court failed to consider properly the equities based on its argument the 2012 judgment was obtained in violation of the NJCFLA. In its reconsideration decision, the court expressly considered and rejected this argument. As noted, it rejected defendant's claim that Midland's alleged failure to obtain the necessary license was "an extraordinary circumstance necessitating the default judgment be vacated more than ten years after being entered and satisfied." As the court correctly observed, "[d]efendant had plenty of opportunity to contest the default judgment by filing a motion to vacate soon after it was entered, not arranging a payment plan with [p]laintiff, objecting to the wage garnishment, or filing a motion any time within the ten years that have passed." Applying our deferential standard of review, we discern no abuse of the court's discretion in reaching such a conclusion. See Guillaume, 209 N.J. at 467-68.

The court also correctly concluded defendant failed to timely seek relief from the final judgment. Although the court did not deny defendant relief solely based on noncompliance with the "reasonable" timeframe set forth in Rule 4:50-

15

2, the court did consider the length of time defendant waited to seek relief in deciding defendant's application. Specifically, not only did defendant wait nearly seven years after the 2012 judgment to file the Essex County complaint and over ten years before filing the instant action, but did so after fully satisfying that judgment. And, as noted, she elected to file the Essex County complaint which sought affirmative relief against Midland, as well as collateral attacks against the 2012 judgment. Only after that complaint was dismissed, and we rejected defendant's argument on direct appeal and the Supreme Court denied review, did defendant file the current challenge to the 2012 judgment. Under these circumstances the court's decision that any violations of the NJCFLA simply did not constitute extraordinary circumstances sufficient to excuse defendant's grossly belated application was based on findings fully supported by the record and consistent with applicable law. Simply put, to permit defendant to collaterally attack the 2012 judgment under these circumstances would render the principles underlying the finality of judgments and judicial efficiency completely irrelevant.

Contrary to defendant's argument, our decision in LVNV Funding, LLC v. Deangelo, 464 N.J. Super. 103 (App. Div. 2020) does not compel a contrary result. In that case, defendant defaulted on an automobile loan and later

16

breached a modification agreement. Id. at 106. LVNV, like Midland here, purchased an underlying debt and obtained a final judgment. Ibid. Eight years later, defendant moved to vacate, contending the underlying debt was obtained in violation of the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692 - 1692p, as the statute of limitations with respect to defendant's breach had lapsed prior to the filing of the collection action pursuant to N.J.S.A. 12A:2-725(1). Id. at 105-06.

The trial court vacated the judgment under Rule 4:50-1(f). Id. at 106. In affirming that decision, we concluded the court did not abuse its discretion because the court balanced LVNV's "violation of federal law by suing on a time-barred claim" with defendant "inexcusably ignor[ing] a judgment on that time-barred claim" along with other misconduct including lying about his identity. Id. at 109. As we explained:

> Despite the problematic conduct and motivation of both parties, the judge ultimately viewed the decision as turning not on which of the parties acted worse but on the weight of the competing public policies. On defendant's side was plaintiff's commencement of a time-barred claim in violation of federal policy, which strongly favors the curbing of "abusive debt collection practices." 15 U.S.C. § 1692(a). The countervailing state policy urged by plaintiff is what the Supreme Court referred to as "the strong interests in finality of judgments and judicial efficiency." Baumann, 95 N.J. at 392; see also [Mancini v. EDS ex rel. New Jersey

17

Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334, (1993)]. Both these policies cannot be served here; one must give way to the other. The judge determined that the interest in curbing abusive collection practices outweighed the interest in the finality of judgments. In the final analysis, we cannot conclude that the choice the judge made constitutes an abuse of the discretion provided by Rule 4:50-1(f).

[Id. at 110.]

It is clear that in Deangelo, the trial court made a dispositive finding plaintiff commenced a time-barred suit in violation of federal policy and also concluded defendant's failure to respond to the complaint was inexcusable. We merely concluded when faced with the "problematic conduct and motivation of both parties," the trial court did not abuse its discretion in vacating plaintiff's improperly obtained default judgment.

Here, the court did not dispositively address plaintiff's licensure requirement, as defendant improperly submitted the proof relevant to that issue for the first time on reconsideration. In denying relief, the court appeared to have accepted defendant's contention plaintiff violated the NJCFLA,[2] but clearly concluded under the circumstances presented any such violation simply did not

---

[2]  We note both parties' briefs cite conflicting unpublished cases in support of their arguments with respect to plaintiff's licensure requirement under the NJCFLA. Neither party, however, cited binding authority on the issue, and, as noted, the trial court did not make a dispositive finding.

A-2961-22

warrant relief under Rule 4:50-1(f), as to do so would be contrary to the principles underlying the finality of judgments, and Rule 4:50-2. The court's decision was clearly not an abuse of discretion and we are also satisfied enforcement of the order, which related to a debt defendant indisputably owed, would not be unjust or inequitable under Johnson, 320 N.J. Super. at 378. The fact that the Deangelo court affirmed a trial court's discretionary decision under the facts of that case does not compel the conclusion the court abused its discretion here.

To the extent we have not expressly addressed any of defendant's arguments, it is because we find they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2961-22