**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2827-22

ASSET ACCEPTANCE, LLC,
assignee of CITIFINANCIAL
SERVICES INC./CITI FINANCIAL
PLUS,

     Plaintiff-Respondent,

v.

CAMILLA A. TOFT,

     Defendant-Appellant.

_____

Argued April 23, 2024 – Decided May 8, 2024

Before Judges Paganelli and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. DC-012106-13.

Mark H. Jensen argued the cause for appellant (Kim Law Firm LLC, attorneys; Yongmoon Kim and Mark H. Jensen, on the briefs).

Han Sheng Beh argued the cause for respondent (Hinshaw and Culbertson LLP, attorneys; Han Sheng Beh, on the brief).

PER CURIAM

Defendant Camilla A. Toft appeals from a February 23, 2023 order denying her motion to vacate a default judgment and wage execution entered in favor of plaintiff Asset Acceptance, LLC (AA).  We affirm.

We glean the facts and procedural history from our April 19, 2022, opinion, Camilla Toft, on behalf of herself and those similarly situated v. Asset Acceptance, LLC, Asset Acceptance Capital Corp., and Midland Credit Mgmt., Inc., A-4470-19 (App. Div. Apr. 19, 2022),[1] as well as the from the motion record in this appeal.

In October 2013, AA filed a complaint for debt collection against Toft. Toft was served with the complaint but never filed an answer or other responsive pleading.  In December 2013, AA obtained a default judgment against Toft and, in the following December, obtained a wage execution.  Thereafter, the 2013 matter lay dormant.

Nearly six years later, in October 2019, Toft filed a class action against AA.  In the class action, Toft asserted "'improper [consumer] debt collection activity without required licenses,' in violation of the New Jersey Consumer Finance Licensing Act (CFLA), N.J.S.A. 17:11C-1 to -49, and sought 'to void

---

[1]  R. 1:36-3.

[the December 2013 judgment] obtained against [her].'" See Toft slip op. at 3 (first alteration in the original).

In our April 2022 opinion, we addressed Toft's "appeal from the June . . . 2020 . . . order[] dismissing [her] class action complaint[] as barred by the entire controversy doctrine." Id. at 2. We explained that Toft's "complaint alleged that after acquiring a defaulted debt extended to Toft[,] . . . [AA] filed a lawsuit against Toft to collect the debt and obtained a default judgment against her on December 11, 2013." Id. at 3. Toft's complaint "alleged that [AA's] collection lawsuit[] w[as] void ab initio due to the failure of [AA] to have obtained the required licenses to pursue collection activity." Id. at 3-4.

In our opinion we affirmed the trial court's application of the entire controversy doctrine because, as the judge observed, Toft "could have challenged [AA]'s debt collection activity . . . [and] raised all the legal theories asserted here as defenses/counterclaims in the prior [c]ollection [l]awsuit[]." Id. at 5.

In February 2023, Toft filed a motion to vacate the December 2013 judgment and subsequent wage execution. The motion judge denied the motion because "the motion was not filed within a reasonable time."

A-2827-22

On appeal, Toft contends the judge abused his discretion under Rule 4:50-1(d), (e ), and (f) by denying the motion because the default judgment was void under the CFLA.  For support, Toft relies on our opinions in LVNV Funding, LLC v. Deangelo, 464 N.J. Super. 103 (App. Div. 2020) and Berger v. Paterson Veterans Taxi Serv., 244 N.J. Super. 200 (App. Div. 1990).  We disagree.

We begin our discussion with a review of the principles governing our analysis.  "We review a motion under Rule 4:50-1 to vacate final judgment under the abuse of discretion standard."  257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339, 366 (App. Div. 2023) (citing U.S. Bank Nat'l. Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).  "Although the ordinary abuse of discretion standard defies precise definition, it arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotations and citations omitted).  "[A] functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue."  Ibid.

When a

> court has entered a default judgment . . . the party
> seeking to vacate the judgment must meet the standard
> of Rule 4:50-1:

On motion, with briefs and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: . . . (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

[Guillame, 209 N.J. at 467 (quoting R. 4:50-1).]

Moreover, motions pursuant to Rule 4:50-1 (d), (e), and (f) "shall be made within a reasonable time, . . . after the judgment, order or proceeding was entered or taken." R. 4:50-2. "The rule[s are] designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Guillame, 209 N.J. at 467 (internal quotations and citations omitted).

"We have explained that a reasonable time is determined based upon the totality of the circumstances . . . ." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). The judge "has the discretion to consider the circumstances of each case." Ibid.

We are convinced Toft's reliance on Deangelo and Berger is misplaced and does not control our opinion on appeal. Moreover, applying well-established principles to this matter, we are satisfied the judge did not abuse his discretion in finding Toft's motion was not filed within a reasonable time, and affirm the order denying the motion.

Toft contends Deangelo is "[a]nalogous to the instant action, [because it] involved a debt collector's enforcement of an alleged debt it had no legal right or authority to collect." In asserting that AA had "no legal right or authority to collect," Toft resuscitates the CFLA claim initially asserted in her 2019 class action filing.

In Deangelo, the defendant filed a Rule 4:50-1(f) motion to vacate an eight-year-old default judgment. Deangelo, 464 N.J. Super. at 105. We found no abuse of discretion and affirmed the order vacating the judgment after the trial judge:

> concluded that plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 – 1692p, because it failed to commence the suit "within four years after the cause of action . . . accrued," N.J.S.A. 12A:2-725(1). The judge, however, also found that defendant's neglect in failing to respond to the complaint was inexcusable. In weighing these conflicting circumstances, the judge concluded that plaintiff's breach of the Fair Debt Collection Practices Act outweighed defendant's inexcusable neglect;

6

relying on Rule 4:50-1(f), the judge granted the motion and dismissed the time-barred complaint.

[Id. at 105.]

However, Deangelo is distinguishable from the matter on appeal. Unlike in Deangelo, where there was no intervening litigation, here, Toft asserted her CFLA claim in her subsequent 2019 class action filing against AA. The class action filing reveals she knew, at least as of 2019, about the CFLA claim, which she now reasserts to vacate the December 2013 judgment. Yet, Toft fails to explain why she let four years expire after the class action was dismissed to move to vacate the default judgment. In considering Rule 4:50-2's "reasonable time" element, we conclude Toft's 2019 filing renders Deangelo inapposite.

Moreover, Toft's reliance on Berger, for the proposition "that a void judgment may be moved against . . . at any time," overstates our holding in Berger as it applies to the facts in this appeal. In Berger, "there [wa]s no indication that [defendant] had actual notice of the suit until after the judgment" and defendant filed the Rule 4:50-1(d) motion approximately two years "after first bec[o]m[ing] aware of the judgment." Berger, 244 N.J. Super. at 205, 203. Therefore, we held "when a court is satisfied on a R[ule] 4:50-1(d) application that initial service of process was so defective that the judgment is void for want

A-2827-22

of in personam jurisdiction, the resulting void default judgment must ordinarily be set aside." Id. at 205.

Unlike in Berger, Toft had notice, in fact she filed a class action against AA that mirrors her claim that the default judgment is void. Moreover, Toft's delay—ten years from the date of default judgment or four years from the dismissal of her class action—is substantially longer than the defendant's two-year delay in Berger. Under these circumstances Berger is distinguishable and provides no support for Toft's assertion that she filed her Rule 4:50-1(d) motion "within a reasonable time." R. 4:50-2.

Setting Deanglo and Berger aside, our review of the record reveals AA was granted default judgment in 2013. Despite notice, Toft failed to move to vacate the judgment. Instead, six years later, Toft filed a class action against AA. The class action was dismissed in 2020, a decision affirmed by us in 2022. Not until 2023 did Toft move to vacate the 2013 judgment. The basis for the motion to vacate was the same basis as Toft's class action. Yet, Toft failed to explain why she delayed—ten years after the entry of the judgment or four years after the dismissal of her class action—to move to vacate the default judgment. Nonetheless, these timeframes belie the notion that Toft's motion to vacate was filed "within a reasonable time" under Rule 4:50-2.

A-2827-22

To the extent we have not addressed any of Toft's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION