**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0721-24

IN THE MATTER OF GISSELLE
BOND, ROSELLE BOARD OF
EDUCATION, UNION COUNTY.

_____

Submitted December 4, 2025 – Decided February 13, 2026

Before Judges Bishop-Thompson and Puglisi.

On appeal from the New Jersey Commissioner of Education, Docket No. 239-7/24.

Porzio, Bromberg & Newman, PC, attorneys for appellant Gisselle Bond (Janelle R. Edwards-Stewart, of counsel and on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Commissioner of Education (Christopher Weber, Assistant Attorney General, of counsel; Kevin F. Milton, Deputy Attorney General, on the brief).

PER CURIAM

Appellant, Gisselle Bond, a member of the Roselle Board of Education (Board), appeals from the Commissioner of Education's (Commissioner) September 4, 2024 final agency decision finding she failed to timely complete

mandatory board member training, as required by N.J.S.A. 18A:12-33 and N.J.A.C. 6A:28-4.1 to -4.3, and issuing the penalty of a thirty-day suspension. Appellant also appeals from the Commissioner's October 28, 2024 decision denying her motion for reconsideration.

Applying the deferential standard of review that we must accord to such administrative agency decisions within an agency's field of expertise, we affirm both the Commissioner's determination and the denial of reconsideration.

I.

The following relevant facts and circumstances are reflected in the administrative record. Appellant was in the third year of her first term on the Board when she claimed to have attended the in-person Governance III training at the New Jersey School Boards Association (NJSBA) Workshop 2023 on October 26, 2023. According to appellant, she scanned her identification badge upon entering the room. However, due to a claimed scanning error, her attendance was not recorded, and as a result, she did not receive credit for the training.

Appellant claims, between October 2023 and the December 31, 2023 training deadline, she completed the Governance II training module online. However, she did not provide her signature after she submitted the training.

A-0721-24

In early May 2024, the School Ethics Commission (SEC) received a list from the NJSBA identifying board members statewide who had not fulfilled their annual training obligations; appellant was included among those listed as noncompliant. On May 8, May 21, and June 5, 2024, the SEC sent email warnings to appellant's personal email address, advising her to complete the required training by June 13, 2024, or risk issuance of an Order to Show Cause (OTSC). Appellant did not respond to these warnings, nor did she complete the required training by the stated deadline.

Appellant contends she did not receive notice that her training obligation remained outstanding and believed she had satisfied her requirement. On June 4, 2024, appellant reported to the Board's business office she had completed the training.

On June 17, 2024, the SEC issued an OTSC to appellant, which was sent to her personal email address. The OTSC notified appellant she had twenty days to respond, and the failure to respond would constitute an admission of the allegations. Appellant did not respond to the OTSC within the specified time frame.

Subsequently, on July 23, 2024, the SEC sent appellant the "Decision for Failure to Complete Mandatory Training Requirement in a Timely Manner"

3

(Decision), which found as of that date "there [was] no dispute [appellant] did not complete her required training by December 31, 2023, and did not complete the training prior to the [SEC]'s final deadline of June 13, 2024, and therefore, the [SEC] issued an OTSC at its meeting on June 17, 2024." It further determined appellant failed to respond to the SEC's OTSC, and to complete the mandatory training as required by N.J.S.A. 18A:12-33 and N.J.A.C. 6A:28-4.1. Accordingly, the SEC recommended appellant's removal as a board member pursuant to N.J.A.C. 6A:28-4.3(d). The SEC further noted, in accordance with N.J.A.C. 6A:28-4.3(c), if appellant completed the required training before the Commissioner's final decision, it would recommend imposing a thirty-day suspension in lieu of removal. This decision was sent to appellant's Board email address.

After receiving the SEC's Decision at her Board email account on July 23, 2024—which appellant asserts was her first meaningful actual notice—appellant updated her contact information. She subsequently completed both the Governance II and III trainings online on July 29 and 30, receiving confirmations of completion for each.

In early August, appellant filed exceptions to the SEC's Decision regarding the recommended penalty and argued the suspension should be

reduced to a reprimand or warning. In her certification, appellant asserted the NJSBA failed to upload her attendance record to show she completed the Governance III training in October 2023 and therefore was not properly credited. She acknowledged the failure to affix her signature at the conclusion of the Governance II training was "[her] error." Additionally, appellant noted the SEC used her personal email address to send training requirement notices, despite the fact her Board email address had been used for various other notices and official communications, including decisions.

The Commissioner issued a final agency decision on September 4, 2024, adopting the SEC's findings and recommending a thirty-day suspension pursuant to N.J.A.C. 6A:28-4.3(c) based on appellant's "failure to timely honor an obligation placed upon school officials by law." The Commissioner explained appellant received all emails sent to her personal account, which was the same email address used to forward the NJSBA's automated emails to her attorney. The Commissioner stated: "As the email address used by the SEC was correct and active, there [was] no reason that [appellant] should not have received the SEC's emails, and the fact that [appellant] apparently overlooked them is not sufficient reason to reduce her penalty." The Commissioner concluded that the penalty was appropriate under the applicable regulation.

Thereafter, the Commissioner denied appellant's subsequent motion for reconsideration based on new evidence—her "timely" completion of training and the lack of notice regarding the SEC's communication. The Commissioner determined appellant failed to satisfy the factors for reconsideration under N.J.A.C. 6A:3-1.15(b)(2). In the decision, the Commissioner restated the factual findings and found those factual arguments "[were] already considered and rejected by the Commissioner." The Commissioner further stated: "Even accepting [appellant]'s assertion as true for purposes of this [m]otion, it does not explain her failure to complete the Governance II training." The Commissioner granted appellant's motion for a stay.

## II.

On appeal, appellant argues the Commissioner's final agency decision was arbitrary, capricious, and unreasonable. She contends the Commissioner's approval of the SEC's penalty of a thirty-day suspension was not supported by the record given the insufficient notice and a failure to consider new evidence. Appellant also asserts the Commissioner's decision finding a violation of the School Ethics Act was likewise unsupported by the record in light of the facts found "but not credited by his decisions." Therefore, she maintains the final agency decision should be reversed.

A-0721-24

Appellate review of an administrative agency decision is highly deferential. "We extend substantial deference to an 'agency's interpretation and implementation of its rules enforcing the statutes for which it is responsible' based on the agency's expertise." N.J. Dep't of Child. & Fams. v. R.R., 454 N.J. Super. 37, 43 (App. Div. 2018) (quoting In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 489 (2004)).

The appellate court will not upset an agency determination unless it is arbitrary, capricious, unreasonable, or not supported by substantial credible evidence in the record. Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019); In re Herrmann, 192 N.J. 19, 27-28 (2007); see also Melnyk v. Bd. of Educ. of the Delsea Reg'l High Sch. Dist., 241 N.J. 31, 40 (2020).

In reviewing such determinations, the court considers: "(1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion." Conley v. N.J. Dep't of Corr., 452 N.J. Super. 605, 613 (App. Div. 2018) (citing In re Stallworth, 208 N.J. 182, 194 (2011)). "The burden of proving that an agency action is arbitrary, capricious, or unreasonable is on the

challenger." Parsells v. Bd. of Educ. of Somerville, 472 N.J. Super. 369, 376 (App. Div. 2022) (citing Bueno v. Bd. of Trs., 422 N.J. Super. 227, 234 (App. Div. 2011)).

The court affords deference to agency expertise in the administration of statutory schemes. See Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 158 (2018). An agency's interpretation of law, however, is not entitled to any special deference and is reviewed de novo. See Melnyk, 241 N.J. at 40. The identical standard applies to review of Commissioner of Education decisions. Ibid.

We reject appellant's argument the Commissioner's imposition of a thirty-day suspension was arbitrary, capricious, and unreasonable. Pursuant to N.J.S.A. 18A:12-33 and N.J.A.C. 6A:28-4.1, all board members are required to complete statutorily mandated annual training. Specifically, N.J.A.C. 6A:28-4.1(b) requires that "[e]ach board member . . . shall complete, in both the second and third years of the member's . . . first term, a training program . . . [which] shall include information on school district governance." Accordingly, appellant was obligated to complete the Governance II training by December 31, 2023.

It is undisputed appellant did not complete either the Governance II or Governance III training requirements prior to the December 31, 2023 deadline. Further, appellant did not attempt to rectify her noncompliance prior to the issuance of the SEC decision. Therefore, there is competent evidence in the record appellant violated both the statute and administrative regulation, and the penalty imposed by the Commissioner was justified.

Moreover, the applicable regulation, N.J.A.C. 6A:28-4.3(c), provides for a thirty-day suspension where the board member completes the required training after the issuance of the SEC's decision but before the Commissioner's final decision. Thus, the penalty imposed is consistent with the regulatory framework and is neither arbitrary nor unreasonable under the circumstances. See In re Herrmann, 192 N.J. at 27-28; see also Willner v. Vertical Reality, Inc., 235 N.J. 65, 79 (2018) (court will not disturb a penalty absent the capability of producing an unjust result).

Lastly, we reject appellant's contention that she was deprived of adequate notice and due process. Under N.J.A.C. 6A:28-4.2(a)(1), the board secretary is charged with providing the NJSBA with each board member's current contact information, including email addresses. The SEC sent all notices and the OTSC to appellant's personal email address on file with both the NJSBA and board

A-0721-24

secretary. Administrative notice rules require service by methods "designed to provide actual notice to the party. . . being served." N.J.A.C. 1:1-7.1(a); see also Berger v. Paterson Veterans Taxi Serv., 244 N.J. Super. 200, 204-06 (App. Div. 1990). Procedural due process does not guarantee the best possible method of notice, only one that is reasonably calculated to apprise the party of the action and afford them an opportunity to respond. Rivera v. Bd. of Rev., 127 N.J. 578, 583-84 (1992); Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950).

It is not the SEC's responsibility to track appellant's individual preferences regarding email communication. We agree with the Commissioner and conclude appellant was provided with adequate notice and a reasonable opportunity to comply. Appellant's failure to monitor her personal email account on file does not undermine the sufficiency of notice or provide grounds to reverse the final agency decision. See Berger, 244 N.J. Super. at 205. The interim stay issued by the Commissioner on December 19, 2024 is vacated, subject to the parties' rights to pursue an appeal in the Supreme Court within thirty days. If an application is filed within that time frame, the stay shall remain in force until such time as the Court may direct.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0721-24