**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2511-24

23-41 SMITH STREET LLC,

    Plaintiff-Respondent,

v.

RICKY KAMDEN,

    Defendant-Appellant.

_____

> Submitted March 25, 2026 – Decided June 5, 2026
>
> Before Judges Smith and Jablonski.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. LT-021904-24.
>
> Ricky Kamden, self-represented appellant.
>
> Respondent has not filed a brief.

PER CURIAM

    This appeal arises from defendant Ricky Kamden's unsuccessful attempt to vacate a default judgment of possession entered against him. Defendant

contends the trial court erred when it denied his two motions for relief in which he claimed he was not properly served with the summons and complaint and did not receive notice of the lawsuit nor of the judgment. After a review of the record, we agree with defendant, reverse the orders that are the subject of this appeal, and remand the matter for trial.

I.

Defendant leased an apartment from plaintiff in a multiple-family dwelling in Irvington in September 2024. In November of that same year, plaintiff sued defendant to evict him for his alleged nonpayment of rent for October and November 2024.[1] After defendant failed to appear at trial, the court entered default judgment for possession on January 13, 2025. According to defendant, he first learned of the landlord-tenant litigation on February 4, 2025, when he returned to the apartment to find an eviction notice attached to the door and his locks changed. Defendant claims he was never notified the eviction proceedings were pending and that he was never served with the complaint.

---

[1] In his brief, defendant details companion litigation he brought in the Law Division against plaintiff seeking monetary damages for plaintiff's alleged breach of contract and fraud claims. Plaintiff defaulted in that matter, but the record does not reveal a judgment was entered. Although the issues arising in that matter appear to have some relevance regarding the merits of defendant's defense in this matter, that litigation is not the subject of this appeal.

A-2511-24

Defendant immediately sought emergent relief through an order to cause. As part of those proceedings, he deposited $6,200, representing four months of unpaid rent and late fees, with the court.

Defendant moved to vacate the default judgment and the warrant of removal under Rule 4:50-1(a), (c), and (d), citing lack of notice and service, and lack of subject matter and personal jurisdiction. He argued notices were sent to an incorrect address and were never delivered to him by mail nor were they affixed to his door. Plaintiff contends it attempted to serve the summons and complaint twice by first-class mail, however both notices were returned as undeliverable and were unable to be forwarded. The court did not explicitly decide on the motion to vacate. Rather, the court dismissed the landlord-tenant complaint because the rent that was alleged to have been due and owing was posted with the court.

Days later, defendant moved to vacate the orders pursuant to Rule 4:50-1(c) and (d), and Rule 4:50-3. Plaintiff did not oppose this application. A third judge denied this motion to vacate as moot noting the judge previously dismissed the matter as moot. The judge further ordered that the funds be disbursed and remitted to plaintiff's agent.

Defendant appealed.

## II.

Relief from a judgment or order under <u>Rule</u> 4:50-1 is "granted sparingly," and only under exceptional circumstances. <u>F.B. v. A.L.G.</u>, 176 N.J. 201, 207-08 (2003). "The decision whether to vacate a judgment on one of the six . . . grounds [provided by <u>Rule</u> 4:50-1] is a determination left to the sound discretion of the trial court, guided by principles of equity." <u>Id.</u> at 208. On appeal, a decision to grant or to deny an application to open a judgment will be "left undisturbed unless it represents a clear [misapplication] of discretion." <u>Id.</u> at 207; <u>U.S. Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 467 (2012) (a trial court's determination under <u>Rule</u> 4:50-1 "warrants substantial deference, and should not be reversed unless it results in a clear [misapplication] of [that] discretion"). To show misapplication of discretion warranting reversal, the movant must demonstrate the motion judge's "decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." <u>Parke Bank v. Vorhees Diner Corp.</u>, 480 N.J. Super. 254, 262 (App. Div. 2024) (quoting <u>Mims v. City of Gloucester</u>, 479 N.J. Super. 1, 5 (App. Div. 2024)).

A litigant against whom a default judgment is entered may seek relief from that determination if the judgment or order is void. <u>R.</u> 4:50-1. "A default

judgment will be considered void when a substantial deviation from service of process rules has occurred, casting reasonable doubt on proper notice." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003).

Procedural due process requires notice and an opportunity to be heard. Mettinger v. Globe Slicing Mach. Co., 153 N.J. 371, 389 (1998). "Due process is not a fixed concept . . . but a flexible one that depends on the particular circumstances." Doe v. Poritz, 142 N.J. 1, 106 (1995). The "absence of notice violates 'the most rudimentary [constitutional] demands of due process of law.'" Romero v. Gold Star Distribution, LLC, 468 N.J. Super. 274, 300-01 (App. Div. 2021) (quoting Armstrong v. Manzo, 380 U.S. 545, 550 (1965)). Due process fundamentally requires adequate notice of proceedings, an opportunity to be heard, and a meaningful avenue through which to seek review of the outcome of that hearing. City of Passaic v. Shennett, 390 N.J. Super. 475, 485 (App. Div. 2007).

During the hearing on defendant's order to show cause after the default judgment of possession was entered, the motion judge neither entertained nor otherwise responded to defendant's argument that he was not served with a copy of the summons and complaint and defendant only realized the pendency

of the landlord-tenant litigation when the warrant of removal was executed and his locks were changed. Further the court did not address the apparent lack of notice that was caused when plaintiff sent the complaint to the incorrect address. According to defendant:

> I am in the [property] 25; but that lawyer, having the Lease Agreement that says 25, puts in the Complaint that it is Building 27 to 37 and they are sending an Officer, the Court Officer to the building where I don't reside. So, in the motion . . . what I said is, first, this proceeding from what I saw in the law, there is no personal jurisdiction on the property.

Defendant confirmed this mistake by referencing his review of the court records and ascertaining the court mailed notices to "27-37 Smith Street" and the mailings were returned by the post office with the designation: "Return to sender, vacant, unable to forward" and "insufficient address, unable to forward." Rather than addressing these service issues, the motion judge focused on a resolution of the matter necessitated by defendant's posting of the $6,200 as a condition of receiving a hearing on the merits of the order to show cause.

We conclude plaintiff's judgment should be vacated because plaintiff failed to effectuate service of process on defendant. It follows that the court did not have personal jurisdiction over defendant. Consequently, the default

6

judgment must be set aside.  See Romero, 468 N.J. Super. at 301 (citing Berger v. Paterson Veteran's Taxi, 244 N.J. Super. 200, 205 (App. Div. 1990)). Because the default judgment is void for lack of service, so too is the requirement that defendant post the $6,200 in rent allegedly due and owing to plaintiff.

We therefore vacate the orders granting plaintiff a default judgment and judgment of possession.  The funds posted by defendant as a condition of the order to show case shall be returned by defendant within ten days of this order. The matter is remanded for trial.[2]  We take no position on the outcome of this matter on remand.

To the extent we have not addressed defendant's remaining arguments, it is because they are rendered moot as a result of our decision here or they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

---

[2]  Defendant notes that subsequent litigation has been filed by plaintiff seeking his eviction from the premises for non-payment of rent beyond that which is the subject of this appeal.  The court might wish, therefore, to consider consolidation of that matter and this case for trial.

A-2511-24